## BRIGGS v. WEIDMANN COOPERAGE CO.

(*City Court of Brooklyn, General Term.*    January 28, 1889.)

PARTNERSHIP—DURATION—PARTNERSHIP AT WILL.

   A contract of copartnership, which does not provide for its time of duration, may be dissolved at the will of either party.

Appeal from trial term.

Action by Henry C. Briggs against the Weidmann Cooperage Company for breach of an alleged contract of copartnership. The complaint was dismissed at the trial, and plaintiff appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Hector M. Hitchings,* for appellant. *Samuel T. Maddox,* for respondent.

VAN WYCK, J. In the complaint it is alleged that in September, 1886, the plaintiff and defendant (a domestic corporation) entered into copartnership for the term of one year in the business of dealing in second-hand sugar-bags; that plaintiff was entitled to one-fourth and the defendant to three-fourths of the profits; that said copartnership agreement was never reduced to writing, though plaintiff often demanded that it should be; that for about six weeks the plaintiff and defendant carried on said business, to some time in November, 1886, when defendant refused to continue in business with plaintiff, and for this breach of the contract he demands judgment for $2,000 damages against defendant. The elements of damage set forth were the loss of profits of a profitable business, and the acquirement by defendant of a knowledge of the business from plaintiff. The plaintiff received his share of the profits earned up to the time of the alleged breach or refusal of defendant to continue in business with plaintiff. Whatever the agreement was, or with whomsoever it was made, rests upon the plaintiff's conversation with Paul Weidmann, Sr., (president of defendant,) and Paul Weidmann, Jr., (one of the trustees of defendant,) which conversations, stated most favorably to plaintiff, were to the effect that Weidmann, Sr., said to plaintiff: "I am acting for the company, [meaning defendant,] and I will furnish the money to buy the bags, etc., and you your services. I will take three-fourths of the net profits, and you shall have one-fourth of the net profits;" to which the plaintiff assented. Then plaintiff said, in the presence of Weidmann, Sr., to Weidmann, Jr.: "Now, we had better draw up the papers right away, and have them signed,—have the whole thing settled;" to which Weidmann, Jr., replied, "We are busy; come in to-morrow." The next morning plaintiff said to Weidmann, Jr., "Can't we have those papers drawn up and signed?" when Weidmann, Jr., replied that his father (Weidmann, Sr.,) had gone away for two weeks; adding, "and you will have to wait till he comes back." Plaintiff said to Weidmann, Jr., "I want those papers drawn up for five years;" to which Weidmann, Jr., replied, "I hope it will last fifty years." Whether this testimony is sufficient to establish a contract of copartnership with the defendant, a corporation, without some corporate act authorizing or ratifying the same; or whether a corporation can form a copartnership with an individual; or whether a verbal agreement for the formation of a copartnership for more than a year is valid under the statute of frauds,—it will not be necessary for us to decide. Assuming there was a copartnership agreement between the plaintiff and defendant, there was no breach, because it was for no limited or specified term, and hence was dissolvable at the will of either party. Story, Partn. p. 437, § 269. There was no meeting of the minds on the time for which the partnership was to continue, on the most favorable construction to plaintiff of the only evidence on this point, to-wit., that part of plaintiff's testimony in which he states he said to Weidmann, Jr., "I want it for five years;" to which Weidmann replied, "I hope it will last for fifty years." But he (Weidmann, Jr.,) had just told plaintiff that he would have to wait two weeks, and see his father, (Weidmann, Sr.) This manifestly left the term of the partnership unsettled. This action is based solely upon an alleged breach of a copartnership agreement in that defendant terminated the same, and refused to continue in business with plaintiff under such contract. The agreement did not fix the term, and it could be dissolved at the will of either party. Of course the plaintiff was entitled to his share of any assets

of the copartnership when dissolved, but this action is not brought to recover such share. For these reasons the judgment and order appealed from must be affirmed, with costs. All concur.